May it please the Court, my name is Christine Ackland. On behalf of Appellant Thomas Alpern, I'd like to reserve three minutes for rebuttal. This case asks this Court simply to apply its dicta from Scheer v. U.S. Forest Service and the Ninth Circuit's precedential holding from Adams v. U.S. Forest Service to find the fee structure at Maroon Valley in violation of the Recreation Enhancement Act because there the Forest Service is charging Mr. Alpern a fee to park and hike in the undeveloped Now let me understand how this would work, having been to Maroon Bells. I would go up, assuming I was just wanting to hike, but not go to the bells. I would go to the entrance gate, assuming you win, and I would say, Hi, I'm here to hike. And they would say, what, okay, you may proceed. Correct, Your Honor. So currently, they, so then I would go over to the parking area, and what if I changed my mind and decided I needed to use the restroom? Well so currently, What if I changed my mind and decided to put my backpack on one of the benches? And what if I decided I'd take a peek at the signage? So if you are going to the standard amenity fee site to use the standard amenity fees but do nothing else, then you would, should pay the fee. The Forest Service should charge you No, no, no, I understand, but in life being what it is, I get there and I say, I'm here, might as well use the restroom here before I start. Or as I said, if I decide to put my backpack on the bench, or read the signs, or, can I stop and take a picture of the bells from that vantage point? You can, you're asking whether you can use the amenities for free if you are going to hike. And the answer is no, because subsection D, Is this going to be purely the honor system? Correct, Your Honor, and currently the Forest Service uses the honor system to allow free access to some of the subsection D users. For example, if a user is going to use the Stein Meadow Overlook, or say, Excuse me, I didn't, if the user is going to use the Stein Meadow Overlook, which is an overlook or a parking area within the valley, past the entrance station, the Forest Service allows them free passage. And so, just like those users, the Forest Service could similarly allow free passage to users who want to just park to access the undeveloped. So that already is, you're saying, the honor system's already in place? Correct. And if I present myself and say, I just want to go to the Scenic Overlook, they're going to let me in and not pay a fee? That's what they say, Your Honor, yes. And so, that is because... So it's not so outrageous as I was trying to make it sound? Not at all, Your Honor. And that's because Congress, we can see from the plain language of the statute, that Congress crafted it with the intention to allow the public to access the undeveloped public lands without paying a fee. Now, can I go to the Great Sand Dunes National Monument, which is closer to my home, and go over there and say, I am here to hike? I'm unfamiliar with the fee structure there, but the REA does allow... Well, it'd be the same at all the national parks, right? I could go to Yellowstone, I could go to Maine and go to whatever the name of the Mount Desert place is. I mean, I forget. But... And just say, I'm here to the X. No, Your Honor, because the Recreation Enhancement Act allows an entrance fee for national park systems. So it's different, completely different. And so at Maroon Valley, the Forest Service charges a fee for all users who enter the valley. And subsection F of the REA does allow the Forest Service to charge a standard amenity fee at an area where there are all these, or six of the required amenities. But subsection F is prefaced by the phrase, except as limited by subsection D. Well, I could go to Kansas and go to the Great Wildlands or whatever it is. It's not the Great Wildlands, Judge O'Shaughnessy. Okay. Let's move on. I'll concede. I've been harassing my colleagues about Kansas trafficking in wheat, but whatever the name of the scenic overlooks over there are, same thing. Same thing. If a user is engaged solely in a subsection D activity, regardless of whether the Forest Service is lawfully applying a standard amenity fee at an area, they are prohibited from charging a fee to the users who solely engage in those activities. One of which is solely parking, undesignated parking or picnicking. The other is hiking through without using facilities and services. As I mentioned, the use of scenic overlooks or general access. And so, in other words, again, if a user is just engaged in that activity, the Forest Service cannot... Let's walk through it. Okay. And what I'm looking at is the REA subsection D. Okay. And as you say, there is that language solely for parking that the BLM or Forest Service or Bureau of Reclamation can't charge fees solely for parking, and then you stopped. But shouldn't that last part of that sentence, along roads or trail sides, doesn't that relate to parking, undesignated parking, and picnicking? So, Your Honor, I don't agree that that is how it is read. I think that's grammatically incorrect, but even if that were... Why is it grammatically incorrect? Doesn't the Scalia book, the last in a series rule or the canon, that's what it says, isn't it? And so, if that were the accurate interpretation, then it would say parking along roads and trail sides. And so, Mr. Alpern would be, indeed, parking along a trail side because he's going to these fee sites just to access the trailhead. Well, he's parking in a lot that has lines that you park inside of the lines, right? Yes, you're right. And security. Right, Your Honor. That's different than just pulling off the side of the road. That is correct, Your Honor, but at Maroon Valley, there is no opportunity for a user to park along the side of the road. If Mr. Alpern had the opportunity, he would. Well, why does that matter? It doesn't say that you have to have an opportunity or else a parking lot counts. I'm just looking at the language. And the language says, at least by my reading, and I don't think it's a poor grammatical one, solely for parking along roads or trail sides. And granted, parking lots are going to be somewhere near a trail side. They're not going to put a parking lot five miles from the trailhead. But if you say solely for parking along roads or trail sides does not include a parking lot, then do you lose? Your question is, if the fee prohibition only applies to parking along trail sides, can you rephrase your question? Sure. What I'm talking about is, of course, we have the two sections, and right now we're just talking about D. Yes. And D is the prohibition on when you can have Forest Service fees. And it doesn't speak about a parking lot. Instead, it says you can't have fees solely for parking. And then I'm going to put the end of that sentence right with it. So I'm going to say solely for parking along roads or trail sides. And then I'm going to say, I know what that means, because I've parked along a roadside. And I know what parking in a parking lot means, because I've parked in a parking lot. And they're not the same. And so if that were the prevailing view of the court, and we shall see, then would you lose based on that interpretation? No, Your Honor, because Mr. Alpern is going also to hike through without using facilities and services. And so when we take a step back from the statute, and judging from the legislative history, we know that Congress wanted to insure. And they were concerned with the Forest Service doing exactly that, pigeonholing people into charging a standard amenity fee, when all they wanted to do was access the undeveloped federal lands. And so- I don't think you're answering this question, though, which is if we interpret this to mean solely for parking along roads or trail sides does not mean developed parking with security with all the other amenities, you lose. It's that simple. Yes, Your Honor. But we also have to remember that subsection D-1A says parking along roads or trail sides. And so Mr. Alpern is parking along a trail side because he is parking at a trailhead. And there is no other scenario that would exist that would allow him that he would want or need to park along a trail side unless it was to access the trailhead. So he is indeed parking along a trail side, which under that interpretation, the Forest Service is prohibited from charging a fee for. So every parking lot counts? Every parking lot counts, but- No matter how many amenities or how few amenities, every parking lot counts, and therefore the Forest Service can't ever charge a fee. Is that your position? No, Your Honor. Our position is that- Well, tell me when the Forest Service could charge a fee, then. The Forest Service can never charge a fee for, solely for parking. And if we look at Adams- So when could it? When could the Forest Service charge a fee by your reading of the statute? When all of the amenities are present and when a user is not engaged in a subsection D activity. So you would have to have all the amenities present in one location, a parking lot I don't a fee for what? For the amenities, not for the parking? They could charge a fee to people who go to use the amenities, but they can't charge a fee if a user wants to park at a parking lot to access the trail. Okay. Let me ask you this, for our purposes. How many miles from the entrance to the Maroon Bells? It's a 5.7 mile road from the entrance. And so to, to allow a hiker to just hike or hike through, they'd literally have to walk five miles before they, before they are allowed to park anywhere, correct? Correct. There is no place where they can pull off to leave their car and go hike. They have to go all the way to the Maroon Bells and then leave their car. No, your honor. So there is the Maroon Lake Scenic Area, which is a highly developed scenic day use area that is the main tourist attraction that includes the trailhead. The other two trailheads and the other two parking areas that exist in the area are called the East and West Maroon Portals. And as the name and the Forest Service suggests, those are exactly that, an entrance station into the maroon wilderness. And so when the REA was enacted, the Forest Service outfitted those two sites to include all the standard amenity fees. And so under their theory, they could continue charging a fee at the entrance station for all users who access the valley, because the only possible place to park is at those sites. Well, that was my point. I mean, yes. My point is there is no parking other than at those two trailheads, correct? There is parking at all three. All three of them. Are any of the three non-designated, non-amenity type places? No, that's the issue here, your honor, is that there is no other option for Mr. Alpern. Which is my point. That is to say that there is no reading at the Maroon Bells that allows a hiker, just minding his own business or her own business, going out for a hike. There is no place to park other than these three places. That is exactly correct, your honor. What percentage of the hikers bus in? It's a majority, isn't it? No, your honor. I don't know the percentage, and I don't think that is in the record. But for Mr. Alpern, he can't bus in, because the bus only runs from 9 to 5. And the majority of the hikes at the Maroon Valley take 12 hours. And so for safety reasons, he has to get there before sunrise, and he needs his car at the trailhead. And I'd like to point this court to this court's opinion, which addressed a facial challenge to the fee implementation plan at Mount Evans, where, exactly like Maroon Valley, the Forest Service was charging a standard amenity fee at the entrance station, regardless of what the user wanted to do, including parking and hiking. Justice Gorsuch's? Exactly, yes, your honor. All right, thank you. Why don't you reserve your time, because you asked to do so. Okay. Thanks. Good afternoon, your honors. May it please the court. My name is Corinne Snow, and I represent the United States. So I think we're actually in an agreement about a lot of what's at issue here today, that the Maroon Bells areas have all of the Section 4F amenities, and that if you have those amenities, you can charge the standard reclamation fee, unless you specifically fall into one of the exceptions in subsection D. But can I kind of look at the big picture here with you, please? The purpose of the section that allows hikers and hike-through types and other pure recreation users to park their cars at trailheads contemplates places all over Pitkin County that have places to pull over along Independence Pass, for example, park their cars and go hiking. No fee, correct? That's correct, your honor. Now, let's assume that the Forest Service decides to provide amenities everywhere in the Forest Service of Colorado, Wyoming, and the Tenth Circuit, and say, okay, no places to park unless you pay the Forest Service a tithing. That would not be proper, correct? I think that's right, your honor. And that's not what we have here. Exactly. But what you have is a one area, the Maroon Bells, where there is no off-the-road parking at trailheads. There's no way somebody can lawfully go hiking and do what is complained about here without tithing to the Forest Service. Well, I'd say a couple of things to that, your honor. First, we're only talking about 5.7 miles in a forest that is 2.3 million acres where there is thousands of literally 1,500 miles of road in the forest where you can park for free along those trail sides. For this specific portion, it's been closed to roadside trafficking since the 1970s, since long before the REA, and this is all on the record, because of concerns about pollution and traffic congestion. All right. So this is a specific part of the road that, for those important reasons, the Forest Service has closed this specific section. Now, it's provided a number of other alternative ways for people to get into the wilderness through other trails. On page 160 of the appellant's appendix, you can see a map of part of the area. You can see there are a number of trailheads going into some of the wilderness areas that Mr. Alpern talks about wanting to use. To this wilderness area? To these wilderness areas. What do you mean, these? I mean, we're talking about the Maroon Bells Wilderness Area. Isn't that just one area? He talks about the Snow Pass Wilderness Area as well. He talks about some different areas that he likes to hike in the area, and there's a number of different trails. There's over 2,000 miles of trails in this forest, a number of trailheads outside of these fee areas. So, Your Honor, you're right, there could be a situation where the court might need to be more concerned if it looked like the Forest Service was trying to make it so that nobody could ever use the trails in the wilderness without having to go into some sort of fee area and was forced into the paid parking situation. But that's not what we're talking about here. Well, for the Maroon Bells Wilderness Area, which is being complained about here, that is exactly the case, is it not? No, Your Honor, there are other trailheads. So, what Mr. Alpern is really saying is that he can't access the specific trailheads in the specific way he wants without paying a fee. He can both get to those trailheads through the valley, through other ways, if he doesn't use a vehicle for free, and he can access other parts of the forest. He can walk 5.7 miles. He could bike the 5.7 miles. He could take the bus in. He could have someone drop him off. There's a number of alternative ways that he could reach this area. I'd also say, as a legal matter, nothing in the REA requires the Forest Service to provide an alternative free parking situation for every single trailhead where somebody might not want to use the amenities. The REA was set up as a balance, where if the Forest Service was going to invest in the standard amenities, they could charge a nominal fee. For areas where they aren't going to do that, they can't charge. This is a really prescriptive statute, as a number of courts have noticed, have commented in the past, and if this was a situation where they wanted free parking to be available at every trailhead, they certainly could have said so. They could have said, you can have your designated developed parking, and if someone uses that or the other amenities, they have to pay the fee, but you always have to make sure. Well, in fairness, that's not what the appellants here are asking, right? They're not asking for free parking at every trailhead. What they're asking is for the ability to park for free in the Maroon Bells area. That's correct, Your Honor. The way the present situation exists, it's impossible for them to do so if they wish to approach the hiking trails in a vehicle and leave the car there and go hike. It is not possible for Mr. Alpern to get to the trailheads in the exact manner he would like to and not pay a fee. That's correct. Now, is it correct that they can go to the entrance spot and say, I want to go to such and such scenic overview and come back and not pay a fee? That's correct. So scenic overviews are another subsection D carve out, and so in compliance with the REA, the Forest Service allows people to go park there for 15 minutes max and then move on. That's obviously a different situation from multi-day parking, especially in a place where you're trying to limit vehicle traffic because of these historic concerns where you have hundreds of thousands of people coming through every year. I would also just say, as to the argument on whether or not this falls within the subsection D exceptions, this part of the REA talks about three different types of parking. So designated developed parking is under subsection F4, and it's one of the subsection F4 required amenities. And then it talks about two different types of parking in subsection D, which are the undesignated parking along roadsides and the just plain parking along roadsides. And Congress must be meaning three different things by these three different types of parking. And so that's why the only reasonable reading of this statute is that what Mr. Alpern is doing here is using the designated developed parking, which is one of the standard amenities for which he can be charged because, as nobody here can test, he's within a standard amenity area. I'd also just like to briefly address his argument about the fact that the Forest Service lets people who are biking or walking in without paying a fee somehow means that the REA is violated with regard to him. I'd just say that it is very possible that the REA would allow the Forest Service to charge folks who are biking or walking in if they decide to use a restroom or use a trash can, but the fact that the Forest Service has not decided to charge every single person a fee that they could or go to the maximum limits of their statutory authority doesn't mean that they're violating the REA with regard to Mr. Alpern. It means that they are trying to have a reasonable way of implementing this fee and do so in a way that really addresses the primary concern in Maroon Valley, which is this vehicle traffic, which has historically been a problem and is certainly a problem with the high level of visitation that folks get. And I'll also just take a minute to address the argument... Why is that relevant? Why is it relevant that they don't charge everyone? It's our decision, whether this is a high traffic area, et cetera, et cetera, et cetera. And we need to check pollution and all the kinds of understandable reasons as to why you're trying to control traffic, but that doesn't mean you have to control traffic in this way. I mean, you could presently, as I understand the situation from the briefs, entrance is during certain hours, correct, to vehicles? That's correct. So if a resident of Aspen wants to go hiking, they can't even, at certain hours, they can't even get there, it's closed. I have to correct that, Your Honor. I believe that they're allowed to drive in and even park overnight, but you just have to leave your payment. There isn't someone there to collect it, so there's envelopes instead. I believe that's the case. I don't think it matters at all to the statutory or legal question before this court, but to the extent, Your Honor, you had concerns about the fact that this road didn't allow for parking along the roadside, and so there was no free option. I just wanted to explain a little bit of the context about the way that they've tried to is both in keeping with the plain language, but also is trying to make for the best visitor experience possible. So with regard to the argument that Mr. Alpern makes in his reply brief about the settlement of the Weichers and Fregosa case, just a couple of points. First, of course, any decision to appeal or not appeal or any settlement is never an admission of liability, and that's even more the case here where the settlement itself says that the Forest Service doesn't admit to any of the allegations in either of the two cases. And the settlement itself caused the parties to ask for Fregosa, which would be the decision in favor of the appellants here, to be vacated whereas Weichers remains good law. So there's nothing in that settlement that would suggest that the reasoning in Weichers is not still good or that it isn't good law. In addition, in that settlement, it still does not allow for anyone to park for free in the designated developed parking. What it allows for is in certain situations, parking along roads or, excuse me, trail sides, but it specifically says- Section D1A prohibits charging fees solely for parking. That's pretty clear. I mean, you're reading two different sections, but that section that covers parking only, that's why I was joking around with going to the restroom and leaving your backpack on the bench. I mean, if a hiker truly goes in and merely parks and leaves to go hiking, they don't want to be part of the tourist mass. As a matter of fact, that's precisely why they want to go hiking is to get away from it. They just can't do that. Well, Your Honor, this goes- Under your interpretation of the statute. This goes back to my earlier point about the fact that these provisions, F and D together, have talked about three different types of parking. Designated developed parking, which is what Mr. Alpern admits to using, which has to be something different than the parking and the undesignated parking that are mentioned. Well, he says, I don't have any options. I mean, the Forest Service has not left an area where they have parking solely a parking lot. I mean, theoretically, it'd be a great thing if it existed. It doesn't. Therefore, he says, in order to accommodate the provisions of the section that I just read to you, you've got to interpret the statute this way, rather than the other section of the statute. Again, Your Honor, I'd say this is a pretty prescriptive statute, and Congress could have very simply said, there must be an option for free parking for those who want to just access the trailheads, even within fee areas, if that's what they had wanted to say. Didn't Justice Gorsuch, while he was here, hint, hint, read the statute exactly the way I'm proposing to read it? No, Your Honor. And sure, what Justice Gorsuch said was that if you were charged the standard amenity fee and then separately charged again for parking, that he suggested that that would always be a violation of the statute. And that's not what is happening here. So, yes, I'd agree. In a situation where you pay your standard reclamation fee, and then there is a separate fee for parking along the roadside, that would seem to be a violation of the REA. But that's not what Mr. Alpern did here. That's not what he's alleging happened. But could it happen at Aspen, right? At the Maroon Bells? That's not even theoretically possible. No, that's correct. But again, I'd say there are thousands, literally thousands of miles of road in this forest that he could park for free alongside. Again, this is really just a complaint that any of the free alternatives that the Forest Service have tried to provide for him are less convenient than the option that he'd like to choose. Thanks. Thank you, counsel. Just a couple quick points. To Judge Phillips' question about parking at paved parking, the REA doesn't distinguish between paved and unpaved parking and actually prohibits a fee for parking and undesignated parking. And parking along a roadside is, by definition, undesignated parking is, by definition, parking along roadside. So it isn't logical to think that Congress would want to include both of, to read both along the roadsides at parking, undesignated parking, and picnicking. And so all Mr. Alpern is asking is this Court to find, to provide the opportunity for him to park and hike without paying a fee at Maroon Valley. Thank you. Thank you. Thank you, counsel. Counsel, the case is well argued and you're excused and the case is submitted.